IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN FIRE & CASUALTY CO. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 07-cv-430 |
| | : | |
| MING WING LAM, | : | |
| LI YUN LIU, and | : | |
| MING FUNG LAM | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 22nd day of February, 2008, upon consideration of Defendants' Motion for Summary Judgment (Document No. 10, filed August 10, 2007) and Plaintiff's Response to Defendants' Motion for Summary Judgment (Document No. 15, filed October 1, 2007), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

## MEMORANDUM

### I. Background

Plaintiff American Fire & Casualty Co., an insurance company, provided property damage and business interruption insurance to Edward Williams, a dentist who leased and operated a dental office at 1432 E. Washington Lane in Philadelphia. Located next door to Williams, at 1430 E. Washington Lane, was a restaurant owned and operated by defendants. Williams and defendants were tenants in a "strip mall" operated by lessor Leonida, Inc. (Compl. ¶ 9.) According to the Complaint, a fire occurred at defendants' restaurant on January 30, 2003, causing "substantive damage" to Williams' dental office. (Compl. ¶ 9.)

As Williams' insurer, plaintiff made payments "in excess of $325,596.50 to . . . Williams for damages directly and proximately caused by the subject fire." (Compl. ¶ 14.) Plaintiff alleges that the fire was caused by faulty wiring installed by defendants "as part and parcel of improvements performed to their leasehold." (Compl. ¶¶ 10, 18; Pl.'s Br. in Opp 1.)

On January 25, 2007, plaintiff filed suit against defendants to recover the amount of money paid to Williams. The Complaint contains a single count for breach of contract. Plaintiff alleges that defendants breached certain provisions of the lease between defendants and Leonida, Inc. (hereinafter, "Ming-Leonida lease") that required defendants to protect adjacent properties against damages resulting from improvements to their own property. Plaintiff asserts that Williams, as a tenant in an "adjacent property," was a third-party beneficiary of that lease. (Compl. ¶ 17.) Plaintiff further asserts that under the terms of its insurance policy with Williams, it is "subrogated to the rights of [Williams] with respect to the damages compensable under the policy" (Compl. ¶ 20), and sues defendants as Williams' subrogee. Significantly, the lease has not been presented to the Court in the Motion papers.

## II.  Motion for Summary Judgment

On August 29, 2007, defendants filed a motion for summary judgment and an accompanying brief addressing only one issue - whether plaintiff's breach of contract claim is, in essence, a tort claim and, thus, barred by Pennsylvania's two year statute of limitations for tort actions. See 42 Pa. Cons. Stat. Ann. § 5524(7). Although paragraph 19 of Defendants' Motion for Summary Judgment asserts that "no contractual relationship exists between Plaintiff and Defendants," defendants did not brief the question whether Williams is an intended third-party

beneficiary of the Ming-Leonida lease or plaintiff is entitled to sue as Williams' subrogee. Accordingly, the Court will not address those issues.

Defendants argue that plaintiff's breach of contract claim is a "pure negligence claim[] disguised as a . . . contract claim[] in order to circumvent the two year statute of limitations . . . ." (Def.'s Mot. Summ. J. ¶ 18.)  Citing the "gist of the action" doctrine, defendants assert that the source of the duty allegedly breached by defendants is "social policy," and not an agreement between the parties, (Compl. ¶ 24), and that plaintiff should be prohibited from "recasting" a tort claim as a contract claim.  (Defs.' Mem. Supp. Summ. J. 14.)

In response, plaintiff argues that the "essential nature" of its claim "arises from the breach of the defendant's contractual duty imposed by the Ming-Leonida lease to perform work in their leased premises without causing damages to another's property."  (Pl.'s Resp. to Defs.' Mot. Summ. J. ¶ 24.)  Specifically, plaintiff alleges in its response to the Motion that defendants violated two provisions of the Ming-Leonida lease - Section 4.02(9), which, according to plaintiff, states that defendants are responsible for ensuring that contractors and subcontractors "maintain continuous protection of adjacent propert[ies]," and 9.01(a), which requires defendants to maintain the electrical system "in good order and repair" and "not overload the electrical wiring servicing the premises."  (Pl.'s Br. in Opp'n 4-5.)  While acknowledging that "Defendants' [alleged] failure to safely install wiring gives rise to an actionable tort claim," plaintiff asserts that such a claim is not the exclusive cause of action "[u]nder the facts of this case . . . ."  (Pl.'s Resp. to Defs.' Mot. Summ. J. ¶ 26.)

### III.  The Summary Judgment Standard

A court should grant summary judgment if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it "might affect the outcome of the suit under the governing law." Id. In considering a motion for summary judgment, the "facts must be viewed in the light most favorable to the party opposing summary judgment." Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir.1990). The party opposing the motion, however, cannot rely merely upon bare assertions, conclusory allegations, or suspicions to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).

## IV. Analysis

Under Pennsylvania law, tort actions are subject to a two-year statute of limitations, while contract actions are subject to a four-year statute of limitations. See 42 Pa. Cons. Stat. Ann. §§ 5524, 5525 (West 2004). Defendants argue that, although plaintiff's contract claim is timely, the Court should construe the claim as a tort action under the "gist of the action" doctrine and rule that it is barred by the two-year statute of limitations for tort claims. (Defs.' Mem. Supp. Summ. J. 11.**)**

### A. Gist of the Action Doctrine

The "gist of the action" doctrine is "designed to maintain the conceptual distinction between breach of contract claims and tort claims. As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." eToll, Inc. v.

Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. 2002). "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." Bash v. Bell Tel. Co., 601 A.2d 825, 829 (Pa. Super. 1992). "In other words, a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contract[], and not by the larger social policies embodied in the law of torts." Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001) (internal quotations and citations omitted). The "gist of the action" test is a "general test concerned with the 'essential ground,' foundation, or material part of an entire 'formal complaint' or lawsuit." eToll, Inc., 811 A.2d at 15 (citing Am. Guar. and Liab. Ins. Co. v. Fojanini, 90 F. Supp. 2d 615, 622-23 (E.D. Pa. 2000)).

### B. Essential Ground of Plaintiff's Claim

It is undisputed that the sole claim raised in plaintiff's complaint is a breach of contract claim. (Defs.' Mot. Summ. J. ¶ 5.) By necessity, therefore, the essential ground, foundation, or material part of the *complaint* is a breach of contract claim. However, Pennsylvania law counsels that courts should look beyond the complaint and to the lawsuit as a whole. See Fojanini, 90 F. Supp. 2d at 622-23. Defendants assert that the "obligation to perform work on leased premises without causing a fire and damage to another's property is a duty imposed on defendants and all property owners and lessees as a matter of social policy," not as a matter of contract. (Defs.' Mot. Summ. J. ¶ 24.) Defendants do not cite to any case law for this proposition; rather, they assert that it is "clearly evident" that plaintiff's "claims . . . are tortious and not contractual." (Defs.' Mem. Supp. Summ. J. 14.)

Plaintiff acknowledges that it could have filed a tort action against defendants but argues

5

that, under the circumstances, its contract claim "is a valid and viable claim." (Pl.'s Resp. to Mot. Summ. J. ¶¶ 18-19, 20-21, 26.) As noted above, plaintiff cites two provisions of the Ming-Leonida lease - Sections 4.02(9) and 9.01(a) - that "give rise to a claim for breach of contract by . . . parties thereto and/or intended third party beneficiaries thereof." (Pl.'s Br. in Opp'n 4-5.) According to plaintiff, Section 4.02(9) of the lease states:

> [I]t shall be be Tenant's responsibility to cause each contractor and subcontractor to maintain continuous protection of adjacent property and improvements against damage by reason of Tenant's Work.

(Pl.'s Br. in Opp'n 4.) Moreover, Section 9.01(a) purportedly requires defendants to maintain the electrical system "in good order and repair" and "not overload the electrical wiring servicing the premises." (Pl.'s Br. in Opp'n 4-5.) Plaintiff asserts that these provisions of the lease are the source of the duty "explicitly imposed" on defendants. (See Pl.'s Resp. to Mot. Summ. J. ¶ 23-24.)

In addition, plaintiff argues that the gist of the action doctrine is "essentially a one way street" intended to dismiss tort and not contract claims. (Pl.'s Br. in Opp'n 5) (citing Kalumetals, Inc. v. Hitachi Magnetics Corp., 21 F. Supp. 2d 510, 517-19 (W.D. Pa. 1998)). In Kalumetals, as in this case, a defendant moved for summary judgment on plaintiff's contract claim, arguing that the "gist of [plaintiff's] action" sounded in tort. Id., 21 F. Supp. 2d at 517-18. The court rejected defendant's argument on the ground that defendant misconstrued the gist of the action doctrine. Id. at 518. The court stated:

> Under Pennsylvania law, a breach of contract claim may be construed as a tort claim only if the alleged wrong is the 'gist of the action with the contract being collateral.' As such, when a tort involves actions arising only from a contractual relationship, the plaintiff is limited to bringing action under contract. The opposite situation, however - that if plaintiffs establish a tort claim, they cannot bring with it a related contract claim - does

>not necessarily hold true.
>. . . .
>Neither defendant nor this court has located any cases which advocate dismissing a *contract claim* merely because plaintiff has brought a related tort action.

Id. at 518-19 (citations omitted) (emphasis in original).

In each cased cited by defendants, courts applied the doctrine to determine whether tort claims asserted were essentially contract claims and should therefore be dismissed, not vice versa. See Closed Circuit Corp. of Am. v. Jerrold Elecs. Corp., 426 F.Supp. 361, 364-65 (E.D. Pa. 1977) ("A claim ex contractu cannot be converted to one in tort simply by alleging that the conduct in question was wantonly done."); Fojanini, 90 F. Supp. 2d at 622-23; Bash v. Bell Tel. Co., 601 A.2d 825, 829-30 (Pa. Super. 1992); see also Bohler-Uddeholm Am., Inc., 247 F.3d at 103 (describing the doctrine as one of two methods used by Pennsylvania courts "to determine whether tort claims that accompany contract claims should be allowed as freestanding causes of action or rejected as illegitimate attempts to procure additional damages for breach of contract . . ."); eToll, 811 A.2d at 19 (explaining how courts apply the doctrine to bar tort claims).

Assuming, arguendo, that the doctrine is applicable in this case, defendants' argument fails. Courts have repeatedly emphasized that "to be construed as a tort action, the [tortious] wrong ascribed to the defendant must be the gist of the action with the contract being collateral." See e.g. eToll, 811 A.2d at 14. Far from being collateral, the contract in this case, the Ming-Leonida lease, forms the exclusive basis of plaintiff's case. Both the complaint and the Brief in Opposition to the Motion for Summary Judgment make clear that plaintiff bases its claim on provisions of the Ming-Leonida lease, (Compl. ¶ 11; Pl.'s Br. in Opp'n 4-5, 8); defendants recognize as much. (Defs.' Mot. Summ. J. ¶¶ 5-6; Defs.' Mem. Supp. Summ. J. 13.) Thus, the

Court finds that plaintiff's case is a contract-based action and concludes that it is not barred by the two-year statute of limitations for tort claims. See Hart v. Arnold, 884 A.2d 316, 339-40 (Pa. Super. 2005) ("[A] claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contract[] . . .").

## V.  Conclusion

The Court, having considered and rejected defendants' argument under the "gist of the action" doctrine, denies defendants' Motion for Summary Judgment.

                                              **BY THE COURT:**

                                              **/s/ Honorable Jan E. DuBois**

                                              **JAN E. DUBOIS, J.**